Hyman, C. J.
A judgment was rendered in this case at the May term of said court, 1866.
At that term, by motion in open court, an order of appeal was granted allowing plaintiff to take a devolutive appeal from the judgment, returnable to this court on the fourth Monday of February, 1867, on his giving bond of appeal, with security, for the sum of $150, conditioned according to law. No transcript was filed in this court under this order for appeal. The appeal bond was not given by plaintiff until 4th April, 1867.
By petition, plaintiff on 29th April, 1867, obtained another order granting him an appeal from the judgment. He complied with'the terms' of this last order by giving bond and security, by citing defendant and by filing the transcript of appeal in this court at the time the appeal was made returnable.
Defendant, the appellee, has filed a motion to dismiss the appeal, because, as he contends, the plaintiff has lost the right to appeal by not prosecuting the appeal under the first order for appeal.
When the appeal bond is given, and citation of appeal served on the appellee, if the order of appeal be obtained by petition, the party asking for appeal must prosecute it, or he will be considered as having abandoned the right to appeal, and will be deprived of this right. See Code of Practice, Arts.- 581, 594 and 595.
When an order for appeal is granted, on motion in open court, as no citation is required to be served on the appellee, the appeal bond, when given, serves both for bond and citation, and the party who has obtained an order for appeal, on motion, is not considered to have abandoned the-right to appeal, nor has h1 lost this right until he has given bond under the order, and thereafter neglected to file the transcript in the appellate court in conformity with the order.
The bond given on 4th April, 1867, being given after the return-day for bringing up the appeal, on the first order for appeal, had not effect as an appeal bond, for the time for appealing under the order had passed. Therefore, plaintiff did.not lose the right to obtain a second order for appeal, and to bring up the transcript under that order.
Plaintiff sued, defendant o.n his note, made on 26th August, 1864, wherein he promised to pay to James Bowie or to his order, thirty days after peace between the Confederate States and the United States, four hundred dollars, with eight per centum per annum interest from its date,
*237 Defendant, in answer, admitted his signature to the note, and set up the special defence, that by agreement he was not to pay the note on a certain contingency.
No evidence was adduced by defendant, as to the agreement alleged by him.
In this court, defendant contends “that the note was based upoh a condition of a thing impossible as well as illegal and immoral.” .. ,;
The payment of the note did not depend on a condition.
A term was given for its payment. A term may not only consist of a lapse of time but also of an event, and hostilities between the rebels and the government of the United States, could not but have ceased in* the course of time. C. C. 2043 and 2044.
If the demand of the plaintiff was prematuie, the defence for that cause should have been by exception in limine lilis; it cannot avail after answer. See 17 An. Rep. 232.
Defendant contends that there was no stamp on the note sued on. No objection was made to the reception in evidence of the note on that ground, and we will not presume that the note was unstamped. See 19 An. Rep. 180.
Defendant has asked us to examine a statement made by the District Judge, that the note was not stamped, and also a piece of paper, which he contends is the note sued on. Our guide to ascertain facts in a case is the certificate of the clerk as to the evidence adduced, or a statement of facts made out in the manner required by law. Beyond this guide* we do not go. See Code of Practice, 896.
Let the judgment of the District Court be annulled and reversed, and let the plaintiff recover of defendant the sum of four hundred dollars, with interest thereon, at the rate of eight per cent, per annum, from 26th day of August, 1864, till paid, and the costs of this suit.